GLADNEY, Judge.
I respectfully dissent from the majority opinion holding that plaintiff is without interest in bringing this suit. I think he does have a pecuniary interest, a personal right .arising from the use of the property subject to his usufruct — in this instance a cow. It was an imperfect usufruct. L.S.A.-C.C. Arts. 536, 549. During the marriage, as usufructuary of an imperfect usufruct, the father may do as he pleases with his child’s property without judicial intervention. Cleveland v. Sprowl, 12 Rob. 172; In re Monrose, Sup.Ct.1937, 187 La. 739, 175 So. 475; Darlington v. Turner, 202 U.S. 195, 26 S.Ct. 630, 50 L.Ed. 992. L.S.A.-C.C. Art. 540. His obligation is to account for its value. Certainly the interest of the usufructuary is a valuable property right and he is not required under our law to qualify by legal procedure to institute a lawsuit in order to secure a right personal to him. In this instance plaintiff’s loss of the use of the cow should be measured by its value. It is of no concern to defendant that there is a duty of plaintiff to some day account to his daughter for the animal.
I do not agree that plaintiff’s suit is subject to objection or exception, but if, ar-guendo, plaintiff should have sued for “the use and benefit of” his minor child, an exception of want of capacity and not an exception of want of interest (or no right of action) would be the proper exception herein. The exception of want of capacity must be pleaded specially and put at issue in limine, or else the procedural capacity of the plaintiff will be deemed to be admitted. “Parties Litigant in Louisiana” (Henry George McMahon), 11 Tulane Law Review, 526, 545-552.
Rehearing denied. GLADNEY, J., dissenting.